UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, | No. 2:19-cv-0898 KJM DB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ANDA CAVANAGH, | |
| Defendant. | |

On May 17, 2019, defendant Anda Cavanagh filed a notice of removal of this action from the Sacramento County Superior Court along with an application to proceed in forma pauperis. (ECF Nos. 1 & 2.) Defendant is proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21). Plaintiff's complaint concerns an alleged bank debt defendant owes to plaintiff, in the amount of $11,856.35. (ECF No. 1 at 9.[1])

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, it appears from the complaint that the court lacks subject matter jurisdiction over this action. Accordingly, for the reasons stated below, the undersigned

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

1    recommends that this action be remanded to the Sacramento County Superior Court.

2    **I.      Defendant's Application to Proceed In Forma Pauperis**

3            Defendant's in forma pauperis application makes the financial showing required by 28

4    U.S.C. § 1915(a)(1).  However, a determination that a party qualifies financially for in forma

5    pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

6    leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

7    complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d

8    1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

9    Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

10   Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

11   IFP because it appears from the face of the amended complaint that McGee's action is frivolous

12   or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

13   District Court to examine any application for leave to proceed in forma pauperis to determine

14   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

15   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

16           Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

17   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

18   state a claim on which relief may be granted, or seeks monetary relief against an immune

19   defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

20   arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

21   Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

22   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

23   factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

24           To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

25   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

26   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

27   true the material allegations in the complaint and construes the allegations in the light most

28   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

**II.    Subject Matter Jurisdiction**

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be

3

conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)); see also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)); see also Provincial Gov't of Martinduque, 582 F.3d at 1087.

Here, defendant contends that this action "may be removed to" this court "as diversity of jurisdiction exists between Plaintiff and Defendant." (ECF No. 1 at 1.) However, as noted above, diversity jurisdiction requires that the matter in controversy exceeds the sum or value of $75,000. Defendant argues that the amount in controversy threshold is satisfied "as presented in the Cross-

4

1    Complaint." (Id. at 2.)  However, "[t]he sum claimed by the plaintiff controls so long as the

2    claim is made in good faith."  Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir.

3    2000).  The complaint in this action seeks only $11,856.35 in damages.  (ECF No. 1 at 8.)

4        "[I]n a case that has been removed from state court to federal court under 28 U.S.C. §

5    1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the

6    defendant in the substantive dispute—has the burden to prove, by a preponderance of the

7    evidence, that removal is proper."  Geographic Expeditions, Inc. v. Estate of Lhotka ex rel.

8    Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010).  "Conclusory allegations as to the amount in

9    controversy are insufficient."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-

10    91 (9th Cir. 2003).  Here, defendant has failed to satisfy the burden.

11        Defendant also asserts that the court has federal question jurisdiction because defendant's

12    "Cross-Complaint questions Plaintiff's and its agents/attorneys' compliance with federal laws of

13    Fair Debt Collection Practices Act."  (ECF No. 1 at 2.)  However, "the existence of federal

14    jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to

15    those claims."  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d

16    1108, 1113 (9th Cir. 2000).  "Removal, therefore, cannot be based on a counterclaim or cross-

17    claim raising a federal question."  Redevelopment Agency of City of San Bernardino v. Alvarez,

18    288 F.Supp.2d 1112, 1115 (C.D. Cal. 2003).

19                      **CONCLUSION**

20        Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that this

21    action be summarily remanded to the Sacramento County Superior Court.

22        These findings and recommendations will be submitted to the United States District Judge

23    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

24    days after being served with these findings and recommendations, defendant may file written

25    objections with the court.  A document containing objections should be titled "Objections to

26    Magistrate Judge's Findings and Recommendations."  Defendant is advised that failure to file

27    ////

28    ////

objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 17, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\bofa0898.remand.f&rs